UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2004 MAY 10 P 5:08

| | |
|---|---|
| MALLA, RAMESH B. | : CIVIL ACTION |
| PLAINTIFF | : U.S. DISTRICT C... |
| | : NEW HAVEN, C... |
| VS. | : NO. 3:02CV481 (JBA) |
| UNIVERSITY OF CONNECTICUT, UNIVERSITY OF HARTFORD, SALLIE S. TOWNSEND, Ph.D., ROBERT SMITH, Ph.D., FRED MARYANSKI, Ph.D. | : |
| DEFENDANT | : MAY 10, 2004 |

## JOINT TRIAL MEMORANDUM

1.   Trial Counsel

Plaintiff's Counsel:

Mark S. Loman
484 Main Street
Suite 24 B
Middletown, CT  06457
Phone:  (860) 343-1879
Fax:  (860) 343-9254
e-mail:  atty_loman@att.net

Defendants' Counsel:
(University of Hartford and Dr. Sallie Townsend)

Thomas Paul Chapman
Law Offices of Scott B. Clendaniel
300 Windsor Street
Hartford, CT  06145-2138
PHONE:  (860) 277-7480
fax:  (860) 277-9438
Juris No.:  ct10178

Please note that the University of Connecticut, Dr. Fred Maryanski and Dr. Robert Smith are no longer defendants to this action.

2. <u>Jurisdiction</u>

The plaintiff is claiming jurisdiction by raising a federal question, pursuant to 28 USC Section 1331, with supplemental jurisdiction pursuant to 28 USC Section 1367. Plaintiff's state law claim arises out of the same facts and circumstances and as such would be expected to be tried together in one proceeding. <u>Miller v. Lovett</u>, 879 F.2d. 1066, 1071 (2nd Cir. 1989).

3. <u>Jury/Non-jury</u>

This case has been claimed for a trial by jury.

4. <u>Length of Trial</u>

5 days of evidence

5. <u>Further proceedings</u>

Amend the complaint to remove Counts 1, 2, 3 and 4 and to drop defendants UCONN, Maryanski, and Smith from the complaint.

6. <u>Trial Claims</u>

<u>Plaintiff's Claims</u>:

<u>Count 5</u>

That UCONN, Maryanski and Smith removed Malla from position as Campus Director of the Connecticut Space Grant Consortium on April 17, 2000, for cause, without first holding a due process hearing. Plaintiff removed as Campus Director at the request of UHart and Townsend.

Plaintiff seeks compensatory damages, back and front honorarium, attorney fees, and other relief the Court deems just and proper.

Defendant's Claims:

The defendants, University of Hartford and Dr. Sallie Townsend, claim that the statements made in the December 13, 1999 letter are essentially true and reflect the opinion of the University of Hartford and Dr. Townsend at the time the letter was written. Further, the defendants contend that the letter was not written with malice aforethought and was only written at the suggestion of the University of Connecticut to address the underlying friction between Dr. Townsend and Dr. Malla. Further, the defendants claim that there was evidence of Dr. Malla's attempts to damage the reputation of the University of Hartford in his statements to NASA personnel, UCONN faculty members and other members of the Consortium. The defendants claim a qualified immunity or privilege to make the statements in the December 13, 1999 letter and all appurtenant communications. Further, the defendants claim that the plaintiff had no protected property interest in continuing in his role as a Campus Director for the Space Grant Consortium. Lastly, the defendants claim that they had no control or say in how UCONN conducted its investigation into Dr. Malla's conduct, or in how UCONN removed Dr. Malla from his role.

7. Trial by magistrate judge

The parties do not choose a trial by a magistrate judge

8. Witnesses:

Plaintiff's Witnesses:

1. Ramesh Malla, Ph.D. – 67 Horizon Lane, Glastonbury, CT 06033. Malla to testify that he was removed as Campus Director of the Consortium at UCONN and as Principal Investigator of the EPSCoR at UCONN by his employer

UCONN, and former defendants Maryanski and Smith at the urging of UHart and Townsend. That removal was for cause and took place without due process which if he was afforded would have allowed him to clear his name, and protect his reasonable expectations to continue in these positions based on past course of performance between himself and his employer. Malla will also testify to his damages because of UHart and Townsend conduct.

2. <u>Erling Smith, Ph.D.</u> – University of Connecticut, School of Engineering, Department of Civil & Environmental Engineering, 261 Glenbrook Road, Storrs, Connecticut 06269. Dr. Smith will testify to the lack of due process afforded Malla during the two removals; and the facts surrounding the June 2, 2000 meeting. Also, Dr. Smith will testify to the stress, frustration and damages Malla incurred because of UHart and Townsend.

3. <u>Amir Faghir, Ph.D.</u> - University of Connecticut, School of Engineering, Department of Civil & Environmental Engineering, 261 Glenbrook Road, Storrs, Connecticut 06269. Dr. Faghir will testify to the lack of due process afforded Malla during the two removals; and the facts surrounding the June 2, 2000 meeting. Also, Dr. Faghir will testify to the stress, frustration and damages Malla incurred because of UHart and Townsend.

4. <u>Edward C. Marth</u>, Executive Director, AAUP, 1875 Storrs Road, Storrs, Connecticut 06268. – Mr. Marth will testify that Malla consulted the Union on his due process rights being impaired, and to the stress, frustration and damages this process had on Malla.

Defendants' Witnesses:

1. <u>Dr. Sallie Townsend</u>, University of Hartford, 200 Bloomfield Avenue, West Hartford, CT. 06117. Dr. Townsend is expected to testify that she was the Consortium Director for the Space Grant Consortium from 1999 to 2002 and that she had direct contact with Dr. Malla in the administration of the grant. Dr. Townsend will testify as to the difficulties that she had with Dr. Malla in administering the grant, including his attempts to take control of the grant or some part thereof, his insistence at having a title, his continued questioning of Dr. Townsend's leadership role, his continued use of broadcast e-mails to other members of the Consortium, his failure to follow directives from Dr. Townsend about deadlines and reporting, and his refusal to recognize his conduct as detrimental to the administration of the grant. Dr. Townsend will testify that she spoke to Dr. Malla on several occasions and asked him to discontinue this behavior, but he continued. Dr. Townsend will testify that she reached a point when she realized that she could not work productively with Dr. Malla and consulted with UCONN's Regina Smith to determine the best means of removing Dr. Malla from a leadership role. Dr. Townsend will also rebut the claims of Dr. Malla that he was treated unfairly. Dr. Townsend will also testify about her knowledge of Dr. Malla's actions from other sources. Dr. Townsend will also testify about the administration of the Space Grant and the EPSCoR grant within the University of Hartford.

- 5 -

2. <u>Laurie Granstrand</u>, University of Hartford, 200 Bloomfield Avenue, West Hartford, CT 06117. Ms. Granstrand will testify that, as an assistant to Dr. Townsend, she worked closely with the members of the Consortium and handled the administration of the grant alongside Dr. Townsend. Ms. Granstrand will testify as to the difficulties that she and Dr. Townsend encountered in working with Dr. Malla. Ms. Granstrand will also testify as to her personal knowledge of the conduct of Dr. Malla in trying to take control of the grant, or some part thereof, questioning Dr. Townsend's leadership role, attacking the competence of the University of Hartford in administering the grant, refusing to comply with directives and deadlines, using broadcast e-mails to intimidate and embarrass Dr. Townsend, making negative comments about the University of Hartford to other consortium members, and refusing to acknowledge and recognize his conduct as detrimental. Ms. Granstrand will also testify as to the grant itself and how it is administered within the University of Hartford

3. <u>Dr. Vladimir Nagurney</u>, University of Hartford, 200 Bloomfield Avenue, West Hartford, CT 06117. Dr. Nagurney will testify that he was the prior Consortium Director before Dr. Townsend. He will testify as to the administration of the grant and the attempts by Dr. Malla to take control of the grant administration and to attack the competence of the University of Hartford's leadership role. Dr. Nagurney will also testify as to Dr. Malla's attempts in 1998 to contact NASA and take control of the grant.

4. <u>Dr. Julius Dasch</u>, 560 N. St, N.W., Washington, DC 20024. Dr. Dasch is expected to testify that he worked for NASA in 1998, 2000 and 2001 and is personally familiar with the friction and problems in the working relationship between Dr. Malla and Dr. Townsend. Dr. Dasch is also expected to testify that he was contacted by Dr. Malla in his attempts to take control of the Space Grant Consortium. Dr. Dasch is expected to testify that Dr. Malla repeated questioned the University of Hartford's leadership role in handling the grant. Dr. Dasch is also expected to testify that he spoke to Dr. Townsend about her decision to seek the removal of Dr. Malla as a Campus Director. Dr. Dasch is expected to testify that he told her that she had the unilateral authority to remove a campus director. Dr. Dasch is expected to testify that the removal of a campus director is not entirely uncommon and can be done for a number of reasons. Dr. Dasch is expected to testify that he traveled to Connecticut in 1999 to address the Connecticut Space Grant Consortium and told the members to give their full cooperation to the University of Hartford. Dr. Dasch will also testify that Dr. Malla ignored that directive. Dr. Dasch will also testify that Dr. Malla attempted to expand the participation in the Consortium by writing letters to other academic institutions in Connecticut without first consulting with the University of Hartford. Dr. Dasch will testify that Dr. Malla was asked to retract those letters.

5. <u>Dr. Fred Maryanski</u>, Vice Chancellor for Academic Administration, University of Connecticut. Dr. Maryanski is expected to testify that he was notified by letter from Dr. Townsend that there were some concerns about the working

relationship between Dr. Townsend and Dr. Malla. Dr. Maryanski is expected to testify that he asked Dr. Robert Smith and Regina Smith to investigate the matter. Dr. Maryanski will testify that he became aware that Dr. Malla had been making negative comments about the administration of the grant by University of Hartford. Dr. Maryanski will also testify that he gave a directive in April of 1999 that UCONN would support the University of Hartford's leadership role. Dr. Maryanski will testify as to the nature of the investigation undertaken in response to Dr. Townsend's letter. Dr. Maryanski will also testify as to the personnel file of Dr. Malla. Dr. Maryanski will testify as to the grievance process at UCONN and the hearing process on a grievance complaint. Dr. Maryanski is also expected to testify about intellectual property and the role of an investigator in research

6. <u>Dr. Robert Smith</u>, University of Arkansas. Dr. Robert Smith will testify that he was the Vice Provost for Research for Graduate Education at the University of Connecticut in 1999 and 2000. Dr. Robert Smith will testify that he was asked to undertake an investigation of the concerns raised by Dr. Townsend in her December 13, 1999 letter. Dr. Robert Smith will testify that he asked Regina Smith to make an investigation into the concerns. Dr. Robert Smith will testify that he and Regina Smith met with Dr. Malla in March of 2000 to discuss the concerns. Dr. Robert Smith is expected to testify that Dr. Malla refused to acknowledge his conduct. Dr. Robert Smith will testify that he asked Dr. Malla to resign as Campus Director to avoid embarrassment. Dr. Robert Smith is expected to testify that Dr. Malla refused to resign and that he then told Dr.

Malla that he was being replaced. Dr. Robert Smith is expected to testify that he was aware of some of the concerns about Dr. Malla. Dr. Robert Smith is also expected to testify as to the grievance process at UCONN and the hearing process upon a grievance. Dr. Robert Smith is expected to testify about his personal knowledge of the investigation of Dr. Malla. Dr. Robert Smith is expected to testify as to intellectual property and the role of an investigator in research.

7. <u>Dr. Regina Smith</u>, University of Georgia. Dr. Regina Smith is expected to testify that she was contacted by Dr. Townsend about her difficulties in her working relationship with Dr. Malla. Dr. Regina Smith is expected to testify that she conducted an investigation into the concerns by Dr. Townsend and learned that there was sufficient evidence of difficulties in the interpersonal relationship between Dr. Townsend and Dr. Malla. Dr. Regina Smith is expected to testify that she met with Dr. Malla to discuss these concerns. Dr. Regina Smith is expected to testify as to the nature of her investigation and what she learned. Dr. Regina Smith is also expected to testify as to her own contacts with Dr. Malla and his comments about the leadership role of the University of Hartford in the grant administration.

8. <u>Dr. Daniel Civco</u>, University of Connecticut. Dr. Civco is expected to testify as to his personal knowledge of the interpersonal difficulties between Dr. Malla and Dr. Townsend and his knowledge of Dr. Malla's attempts to take control of the space grant, or some portion thereof. Dr. Civco is expected to testify as to

- 9 -

the removal of Dr. Malla as a campus director and his replacement as a campus director.

9.  <u>Elizabeth Ivey</u>, former Provost, University of Hartford, 200 Bloomfield Avenue, West Hartford, CT 06117. Ms. Ivey will testify that she was the Provost of the University of Hartford in 1999 and 2000 and will testify as to her knowledge of the difficulties in the working relationship between Dr. Townsend and Dr. Malla. Ms. Ivey also will testify that she was involved in some discussions in 1998 following Dr. Malla's contact with NASA to replace the University of Hartford as the lead institution. Ms. Ivey will testify as to a meeting that was held in 1998 to discuss the future of the Consortium.

<u>Exhibits</u>:

<u>Plaintiff's Exhibits</u>:

1.  Collective Bargaining Agreement between The University of Connecticut – Board of Trustees and The University of Connecticut Chapter of the American Association of University Professors – July 1, 1997 – June 30, 2001.

2.  Series of writings of Malla dated from April 11, 2000 to June 27, 2000, as follows:

    a.  Letter from Malla to Dr. Robert Smith date April 11, 2000.

    b.  Letter from Malla to Dr. Amir Faghri and Dr. Erling Murtha – Smith date April 17, 2000.

    c.  Letter from Malla to Edward Marth dated April 25, 2000

        E-mail from Malla to Defendant Townsend date May 7, 2000

    d.  E-mail from Malla to Ed Marth date May 9, 2000

    e.    Memorandum from Malla to defendant Townsend date May 18, 2000

    f.    Memorandum from Malla to Dr. Regina Smith date May 22, 2000

    g.    E-mail from Malla to Edward Marth dated May 29, 2000

    h.    E-mail from Malla to Ed date May 30, 2000

    i.    E-mail from Malla to defendant Townsend date June 1, 2000

    j.    Petition from Malla to Dr. Regina smith date June 6, 2000

    k.    E-mail from Malla to Ed Marth date June 11, 2000

    l.    Letter from Malla to Dr. Fred Maryanski date June 12, 2000

    m.    E-mail from Malla to Ed Marth date June 15, 2000

    n.    E-mail from Malla to Dr. Regina smith date June 27, 2000

    o.    Letter from Malla to Dr. Fred Maryanski date June 20, 2000

    p.    Letter from Malla to Irene Quong Conlon date June 22, 2000

    q.    Letter from Malla to Ed Marth date July 3, 2004

    r.    Letter from Malla to Dr. Fred Maryanski date July 3, 2000

    s.    Letter from Malla to Dr. John D. Petersen date July 18, 2000

    t.    Memorandum from Malla to Paul Shapiro, AAG date July 27, 2000

    u.    E-mail from Malla to Dr. John Petersen date July 31, 2000

These documents offered collectively to show the impact on Malla because of a lack of due process.

3.    E-mail from Laurie Granstrand to defendant Townsend dated November 30, 1999 that show University of Hartford and Townsend planning to provide information to UCONN and Maryanski requesting Malla removal as Campus Director.