4. E-mail from Granstrand to defendant Townsend dated November 30, 1999 that show University of Hartford and Townsend planning to provide information requesting Malla removal as Campus Director.

5. Draft Letter date November 30, 1999 from defendant Townsend to Dr. Fredrick Maryanski that shows University of Hartford and Townsend planning to provide information requesting Malla removal as Campus Director.

6. Letter date December 13, 1999 from defendant Townsend to Dr. Fredrick Maryanski requesting Malla removal as Campus Director.

7. E-mail from defendant Townsend to Shelly Dolinger date January 9, 2000 admission of Townsend that she is aiding UCONN in removing Malla from his position as Campus Director.

8. E-mail from Granstrand to Dr. Robert Smith dated February 25, 2000 of a follow-up conversation between Townsend and Dr. Smith.

9. Deposition of Sallie Townsend date March 13, 2003

10. University of Connecticut Letter of Intent date July 2, 1990 and application to space Grant Program

Defendant's Exhibits:

1. Letter from Dr. Townsend to Dr. Maryanski, dated December 13, 1999 (2 pages)

2. E-mail from Dr. Malla to Dr. Townsend, dated June 14, 1999 (3 pages)

3. EPSCoR Preparation Grant Kick-Off Meeting agenda, May 7, 1999 (5 pages)

4. E-mail from Laurie Granstrand to Dr. Townsend, dated May 8, 2000 with attachment of Dr. Malla's May 7, 2000 e-mail (2 pages)

5. E-mail from Laurie Granstrand to Dr. Townsend, dated May 25, 2000, with attached e-mail from Dr. Malla dated May 23, 2000 (3 pages)

6. E-mail from Laurie Granstrand to Dr. Robert Smith, dated February 25, 2000 (2 pages)

7. E-mail from Dr. Townsend to Dr. Regina Smith, dated September 3, 2000 (3 pages)

8. E-mail from Dr. Malla to Drs. Edward Pollack and Daniel Civco, dated February 25, 2000 (2 pages)

9. E-mail from Laurie Granstrand to Dr. Regina Smith, dated May 18, 2000 (2 Pages)

10. E-mail from Dr. Regina Smith to Dr. Townsend, undated, re:restructuring of EPSCoR

11. E-mail from Dr. Civco to Dr. Townsend, dated June 9, 2000 (3 pages)

12. E-mail from Dr. Civco to Dr. Townsend, dated June 9, 2000 (5 pages)

13. E-mail from Dr. Julius Dasch to Dr. Malla, dated Dec. 11,1998 (4 pages)

14. Letter from Dr. Malla to Dr. Joseph Zikmund, dated July 15, 1998 (5 pages)

15. Letter from Dr. Malla to Dr. Robert Smith, dated April 11, 2000 (2 pages)

16. Letter from Dr. Robert Smith to Dr. Ramesh Malla, dated April 14, 2000 (2 pages)

17. E-mail from Dr. Townsend to Dr. Regina Smith, dated June 2, 2000 (2 pages)

18. Letter from Dr. Erling Murtha-Smith to Dr. Malla, dated April 19, 2000 (1 Page)

19. E-mail from Dr. Malla to Dr. Regina Smith, dated August 12, 1999 (1 page)
20. E-mail from Dr. Malla to Dr. Regina Smith, dated August 22, 1999 (1 page)
21. Office memo from Dr. Malla to Dr. Regina Smith, dated August 16, 1999 (1 page)
22. E-mail from Dr. Regina Smith to Dr. Malla, dated August 27, 1999 (3 pages)
23. Letter from Dr. Jerry Kenig, dated July 22, 1998
24. E-mail from Dr. Malla to Dr. Regina Smith, dated August 27, 1999 (2 pages)
25. E-mail from Dr. Malla to Dr. Townsend, dated August 10, 1999 (4 pages)
26. E-mail from Dr. Townsend to Dr. Malla, dated August 10, 1999 (5 pages)
27. E-mail from Dr. Townsend to Dr. Malla, dated August 11, 1999 (1 page)
28. E-mail from Dr. Malla to Dr. Townsend, dated July 28, 1999 (with Dr. Regina Smith's handwritten notes)(1 page)
29. E-mail from Dr. Malla to Dr. Regina Smith, dated July 25, 1999 (5 pages)
30. E-mail from Dr. Malla to thrust coordinators, dated July 26, 1999 (1 page)
31. E-mail from Dr. Malla to thrust coordinators, dated July 21, 1999 (1 page)
32. E-mail from Dr. Malla to Dr. Regina Smith, dated July 1, 1999 (3 pages)
33. E-mail from Dr. Regina Smith to Dr. Malla, May 23, 2000 (2 pages)
34. Letter to Dr. Fred Maryanski from Dr. Murtha-Smith, dated June 12, 2000 (2 pages)
35. Letter from Dr. Faghri to Dr. Maryanski, dated April 4, 2000 (2 pages)
36. Letter from Dr. Malla to Mr. Lawrence Myers, Regional Manager, CCHRO, dated October 23, 1997 (15 pages)
37. Letter from Dr. Malla to Lawrence Myers, dated November 23, 1997 (18 pages)

38. Draft of letter from Dr. Malla to CCHRO, dated December 10, 1996 (11 pages)

39. Letter from Dr. Malla to Irene Conlon, dated January 20, 1997 (12 pages)

40. Internal Dept of Civil Engineering review of Dr. Malla, dated October 3, 1994 (7 pages)

41. Internal Memorandum re: recommendation of tenure, dated October 4, 1995 (12 pages)

42. Letter from John Leonard to Dr. Malla, dated October 16, 1995 (7 pages)

43. Letter from John Leonard to Dr. Malla, dated October 14, 1994 (4 pages)

44. Letter from Professor Richard Long to Dr. Erling Murtha-Smith, dated May 29, 1990 (4 pages)

45. Letter from Dr. Malla to Dr. Tighe, dated June 8, 1990 (1 page)

46. Letter from Dr. Malla to Dr. James Henckel, dated May 17, 1996 (2 pages)

47. Letter from Dr. Malla to Dr. Harry Johnson, dated September 3, 1996 (3 pages)

48. Deposition transcripts of Dr. Ramesh Malla

9. Stipulations and Conclusions of Law

Plaintiff's Proposed stipulations:

a. UCONN, is a State of Connecticut educational institute. UCONN address is 352 Mansfield Road, Storrs, Connecticut 06269. UCONN is a member of the Consortium and participates in the EPSCoR program.

b. Defendant, University of Hartford (herein "UHart"), is a private college. UHart address is 200 Bloomfield Avenue, West Hartford, CT 06117. UHart is under

      contract with NASA to manage and administrate NASA granted funds awarded to the Consortium and EPSCoR programs.

c.   Defendant, Sallie S. Townsend, Ph.D., is employed by UHart as the Associate Dean of Ward College of Technology. Defendant Townsend address is 200 Bloomfield Avenue, West Hartford, CT 06117. Also, Defendant Townsend is the Director for the Consortium and the

d.   Plaintiff employed by the University of Connecticut and served as UCONN Campus Director for the Connecticut Space Grant Consortium from 1991 until April 14, 2000.

e.   That the University of Hartford is the lead institution for the Consortium that involved fiscal responsibility of the Consortium funds and running the day to day business of the Consortium.

f.   The University of Hartford selected defendant Townsend to serve as the Consortium Director for the Connecticut Space Grant program.

g.   By letter dated December 13, 1999, Townsend demanded that UCONN relieve Malla from his Campus Director duties.

h.   In April of 2000, plaintiff was relieved of his Campus Director duties by UCONN, Dr. Robert Smith and with Dr. Fredrick Maryanski approval.

Defendant's Proposed stipulations:

      The defendants will agree to all stipulations above, except for (g) and (h).

10. <u>Proposed Voir Dire Questions</u>

Plaintiff's Proposed Voir Dire Questions:

1. Are you currently employed or in the past employed in the capacity as a school teacher or college professor or have some one in your immediate family or associates of friends that is employed as a teacher or college professor.

2. Are you a member of a labor union.

3. Do any of you know or know of the plaintiff Dr. Ramesh Malla, a resident of Glastonbury and a professor at the University of Connecticut in the Department of Civil and Environmental Engineering, either personally or professional.

4. Do any of you know or know of, either personally or professionally, any of the following witnesses: Dr. Erling Smith, Department Head of the Department of Civil and Environmental Engineering at the University of Connecticut; Dr. Amir Faghri, Dean of the Department of Civil and Environmental Engineering at the University of Connecticut; or Edward Marth, Executive director of the American Association of University Professors (AAUP).

5. If you are selected to serve on this jury, do you believe that you can sit and judge the plaintiff and defendant fairly.

6. Do you believe that there are too many lawsuits or that there are to many frivolous lawsuits.

7. This is not a criminal matter, no one's freedom is a risk here. But if freedom was at stake, we should be beyond a reasonable doubt before someone is convicted. Here all that is at stake is damages if liability is found. Therefore, if the judge instructs you that the plaintiff has to tip the scale of justice ever so

- 17 -

slightly in his favor to prevail, would you be able to follow this instruction.

8. Who present today is or have been a party to a lawsuit or know of someone very close to you that is or was a party to a lawsuit.

9. Did the lawsuit leave you disillusion with the legal system.

10. If you find for the plaintiff, would you be able to grant plaintiff full compensation for the damages plaintiff proves.

11. If plaintiff did not suffer a physical injury, but proves stress, frustration, mental anguish, etc., would you still be able to evaluate and award full compensation for this type of injury.

Defendants' Proposed Voir Dire Questions

1. Have you ever made a claim of discrimination or a violation of civil rights, and if so, under what circumstances did you make such a claim?

2. Does the fact that someone is sued or named as a defendant in a lawsuit make you more inclined to think they are at fault?

3. Have you ever personally been involved in a lawsuit?

4. Do you have any preconceived notions about what kind of hearing a person is entitled to if they have been accused of wrongdoing?

5. If so, what are those preconceived notions?

6. Have you ever personally had a negative experience at a college or university and if so, under what circumstances?

Proposed Jury Instructions

Plaintiff's Proposed Jury Instructions:

1. The claims of plaintiff that the defendants University of Connecticut, Robert Smith, Ph.D. and Fred Maryanski, Ph.D. are no longer before you and need not be decided by you.

2. The Constitution of the United States protects government employees against the derivation of property or liberty without procedural due process.

    You may find plaintiff has a property interest in the position of Campus Director at the University of Connecticut by examining a broad range of interests that are secured by existing rules or understanding.

    You may find that plaintiff had a property interest in the position of Campus Director implied into his contract with the University of Connecticut that resulted from a course of dealing and practice between the parties, you must find plaintiff was entitled to some form of due process for being removed as Campus Director.

    You may find plaintiff has a liberty interest if you determine that plaintiff was removed as Campus Director on the basis of evidence that impugns plaintiff's good name, reputation, honor or integrity was at stake.
    Brady v. Gebbie, 859 F.2d 1543 (9th Cir. 1988).  Ezekwo v. NYC Health & Hospital Corp., 940 F.2d 775 (2nd Cir. 1991).

3. You may find plaintiff's interest in the Campus Director substantial if you find that took a lead position to respond to NASA call for statewide applications for space grant programs, plaintiff served as Campus Director for nine years and

- 19 -

was initially appointed by the President of the University of Connecticut, and that the Dean of the Department of Civil and Environmental Engineering appointed plaintiff to serve as Campus Director.

Hurley v. Town of Ellington Board of Education, 323 F.39 206 212-213 (2nd Cir. 2003).

4. At a very minimum due process require notice and a hearing where the plaintiff has a meaningful opportunity to confront the evidence against him.

If you find that on March 31, 2000 plaintiff meet with Drs. Regina Smith and Robert Smith without having notice of the charges against him or that plaintiff did not have a meaningful opportunity to confront the evidence, then you may conclude that the March 31, 2000 meeting was not a due process hearing.

Brady v. Gebbie, 859 F.2d 1543 (9th Cir. 1988). Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546 (1984).

5. In order for plaintiff to prevail, plaintiff mush prove by the preponderance of the evidence that the underlying acts of UCONN, Maryanski and/or Smith were illegal or tortious. If you find that plaintiff was removed from the position of Campus Director without due process, you may find that an illegal or tortious act occurred.

Fink v. Magner, 988 F.Supp 70 (D. Conn. 1997)

6. Liability for aiding and abetting turns on how much encouragement or assistance is substantial enough.

If you find that the University of Hartford and Townsend encouraged and

- 20 -

insisted that plaintiff is relieved of the position of Campus Director and because of their encouragement and insistence plaintiff was denied due process.

If you find that the University of Hartford and Townsend acts encouraging was substantial factor in causing the resulting denial of due process for plaintiff, you may find that the University of Hartford and Townsend are liable to plaintiff for the damages he proves.

Halberstam v. Welch, 705 F.2d 472, 478 (1983); Second Restatement of Torts, § 876.

7. If you find the defendants liable on the claim, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make plaintiff whole by compensating him for the damage that he has suffered. If plaintiff prevails he is entitled to compensatory damages for the stress, frustration, anguish, etc. that he suffered because of the defendant's conduct.

You may only award compensatory damages for the injuries that plaintiff proves were proximately caused by the defendants' wrongful conduct. Plaintiff has the burden of proving damages by the preponderance of the evidence. The damage that you award must be fair and reasonable, neither inadequate nor excessive.

Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555 (1931).

Plaintiff's Proposed Verdict Form

On plaintiff, Ramesh Malla, claim against defendants, The University of Hartford and Sallie Townsend, as submitted, we find in favor of _____

_____

We find plaintiff damages to be:

_____ dollars for past and future honorarium;

_____ dollars for stress, frustration, humiliation, anxiety, and damage to reputation.

_____
Foreperson

Defendant's Proposed Jury Instructions:

Will be submitted under separate cover

11.  Objections

   a.   To defendants claim that the December 13, 1999 letter is essentially true. The truth of this letter is not relevant to a claim of aiding and abetting.

   b.   To defendant claim of qualified immunity. This claim is not logical in law. Qualified immunity applies to government official acting in their official capacity. Defendants are private persons and institution.

   c.   To the claim that Dr. Malla attempted to damage the reputation of the University of Hartford. This claim is not relevant to a claim of aiding and abetting.

- 22 -

THE PLAINTIFF – RAMESH MALLA

_____
Mark S. Loman
484 Main Street
Suite 24 B
Middletown, CT 06457
(phone) (860) 343-1879
(fax) (860) 343-9254
Juris No.: CT19489


THE DEFENDANTS – UNIVERSITY OF
HARTFORD AND SALLIE S. TOWNSEND

_____
Thomas P. Chapman
Law Offices of Scott B. Clendaniel
300 Windsor Street
P.O. Box 2138
Hartford, CT 06145-2138
Phone: (860) 277-7480
fax: (860) 277-7438
Federal Bar: CT 10178

- 23 -