FILED

MAY 24    2 34 PM '04

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MALLA, RAMESH B. | : | CIVIL ACTION |
| PLAINTIFF | : | |
| VS. | : | NO. 3:02CV481 (JBA) |
| UNIVERSITY OF CONNECTICUT, UNIVERSITY OF HARTFORD, SALLIE S. TOWNSEND, Ph.D., ROBERT SMITH, Ph.D., FRED MARYANSKI, Ph.D. | : | |
| DEFENDANT | : | MAY 24, 2004 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

I.  PROPERTY INTEREST

In order to find that Dr. Malla had a protected property interest in his role as campus director, you must find that he had more than an abstract need or desire for it and you must find that he had more than a one-sided or unilateral expectation of continuing on in that role. You must find that he had a legitimate claim of entitlement to that benefit.

You must find that the property interest in this role and the dimensions of that interest are defined by existing rules or understandings that stem from an

independent source, such as state law, or rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972)

   Dr. Malla's financial need or the length of his service will not, standing alone, give him a protected property interest in continuing as campus director. Without a state-law entitlement to his position, these concerns will not give Dr. Malla a protected property interest in his role as campus director.

Donato v. Plainview-Old Bethpage Central School District, 96 F.3d 623, 630 (2nd Cir. 1996).

II.   LIBERTY INTEREST

In order to find that Dr. Malla's liberty interests have been affected by his removal as campus director, you must find that his removal imposed on him a stigma or other disability that prevented him from taking advantage of other employment opportunities. Mere proof that his removal from this role, without more, might make him less "attractive" to other employers is not sufficient to establish a deprivation of a liberty interest.

Board of Regents v. Roth, 408 U.S. 564, 574, 92 S.Ct. 2701, 2707 (1972).

It is not enough for you to find that Dr. Malla was merely not reinstated in order to find a deprivation of a liberty interest. You must find that the University of Connecticut's actions were of the sort to effectively hinder Dr. Malla's ability to practice in his chosen profession.

Huff v. West Haven Board of Education, 10 F.Supp.2d. 117, 122 (D. Conn. 1998)(Dorsey, J.)(citing Meyer v. Nebraska, 262 U.S. 390, 399 (1923)).

To establish a sufficient liberty interest, Dr. Malla must show not only that he has been stigmatized, but that he was stigmatized in or as a result of the removal process and that he was denied a meaningful hearing to clear his name. You must find that the claims not only seriously damaged Dr. Malla's standing and association

in the community or foreclosed his freedom to pursue other employment opportunities, but also that the charges against Dr. Malla were false. You further must find that the stigmatizing charges were made public other than in conjunction with the removal process.

Wells v. Doland, 711 F.2d. 670, 676 (5th Cir. 1983)

- 4 -

III.    DAMAGES

If you find that Dr. Malla would have been justifiably removed as campus director from UCONN for the Space Grant Consortium even if a full and proper hearing had been held, then Dr. Malla will not be entitled to recover any compensatory damages for his claimed violation of due process. In this sense, Dr. Malla's injuries, if any, would be attributable to the justified removal as campus director, rather than some deficiency in the procedure for removal, and he cannot be compensated for that removal. You may find that Dr. Malla was distressed that his denials of wrongdoing were not believed, but that would not be sufficient to justify an award of compensatory damages.

Carey v. Piphus, 435 U.S. 247, 260-263, 98 S.Ct. 1042, 1050-1052 (1978).

However, if you do find that the removal was justified and you also find that Dr. Malla's due process rights were violated, you may still award nominal damages not to exceed one dollar.

Carey v. Piphus, 435 U.S. 247, 267, 98 S.Ct. 1042, 1054 (1978).

THE DEFENDANTS – UNIVERSITY OF
HARTFORD AND SALLIE S. TOWNSEND

_____
Thomas P. Chapman
Law Offices of Scott B. Clendaniel
300 Windsor Street
P.O. Box 2138
Hartford, CT 06145-2138
(860) 277-7480
Federal Bar: CT 10178

## CERTIFICATION

A copy of the foregoing has been hand-delivered to the following counsel of record on this date of May 24, 2004:

Attorney Mark S. Loman
484 Main Street, Suite 24 B
Middletown, CT 06457

_____
Thomas P. Chapman

- 6 -