UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Jun 7  9 05 AM '04
U.S DISTRICT COURT
NEW HAVEN, CONN.

Malla, Ramesh B.

    Plaintiff,

vs.                                         Case No.:    3:02CV481(JBA)

University of Hartford, and
Sallie S. Townsend, Ph.D.

    Defendants.                June 1, 2004

## FORUTH AMENDED COMPLAINT

1.    Plaintiff filed this of action pursuant to 42 U.S.C. §§ 1981, 1981a, 1983, 1988(b), 2000d and 2000e et. seq. seeking relief with respect to discriminatory acts of defendants in removing Plaintiff from positions of Campus Director for the University of Connecticut (herein "UCONN") in the Connecticut Space Grant College Consortium (herein "Consortium") and Principal Investigator, at UCONN, of the Experimental Program to Stimulate Competitive Research Preparation Grant program (herein "EPSCoR"). The Consortium is a research, education and outreach program, while EPSCoR is a research program. Both programs are funded with federal money through the National Aeronautics and Space Administration (herein "NASA"). Plaintiff, by this cause of action, seeks to prevent the defendants from depriving Plaintiff of a rightful benefit and harming Plaintiff's professional reputation and growth in a manner that violates the laws of the United States of America and the due process provision of the Fourteenth Amendment to the Constitution of the United States.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. for employment discrimination on the basis of race, color and national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f) and equitable and other relief is sought under the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Also, jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(3), 1343(4), and 1367(a). Relief is also sought pursuant to 42 U.S.C. 1988(d).

3. Plaintiff is a tenured Associate Professor in the Department of Civil and Environmental Engineering, School of Engineering. Plaintiff is employed by UCONN and resides at 67 Horizon Lane, Glastonbury, CT 06033. Plaintiff has a Ph.D. and is a brown skinned, Asian – American from Nepal.

4. UCONN, is a State of Connecticut educational institute. UCONN's address is 352 Mansfield Road, Storrs, Connecticut 06269. UCONN is a member of the Consortium and participates in the EPSCoR program.

5. Defendant, University of Hartford (herein "UHart"), is a private college. UHart's address is 200 Bloomfield Avenue, West Hartford, CT 06117. UHart is under contract with NASA to manage and administrate NASA granted funds awarded to the Consortium and EPSCoR programs.

6. Defendant, Sallie S. Townsend, Ph.D., is employed by UHart as the Associate Dean of Ward College of Technology. Defendant Townsend's address is 200 Bloomfield Avenue, West Hartford, CT 06117. Also, defendant Townsend is the Director for the Consortium and the Project Director of the

EPSCoR program. Defendant Townsend was selected by UHart to serve as Director for the Consortium, and by NASA guidelines the Project Director of the EPSCoR program.

7. Robert Smith, Ph.D., was employed by UCONN as the Vice-Provost for Research and Graduate Education.

8. Fred Maryanski, Ph.D., is employed by UCONN as the Interim Chancellor during the relevant time period of Plaintiff's complaint.

9. Plaintiff began his employment with UCONN in September of 1985 as a faculty member, in a non-tenured track position.

10. In February of 1996, Plaintiff was denied tenure and promotion at the main campus of UCONN and was subsequently offered tenure and promotion in a less prestigious status with fewer opportunities for teaching and research in a branch campus away from the main campus.

11. In July of 1998, Plaintiff appointed to Associate Professor and Associate Head in the Department of Civil & Environmental Engineering at the main campus in Storrs.

12. In 1990, Plaintiff was the leading person who wrote the proposal to obtain funds from NASA for the establishment of the Consortium. NASA funded the Consortium in 1991.

13. Since February of 1991, Plaintiff served as the Campus Director of the Consortium for UCONN and as the Principal Investigator at UCONN for the EPSCoR.

14. Up until 2001 the Consortium consisted of the initial members UCONN, UHart, University of New Haven, and Trinity College. Since 2001, the Connecticut Community College system joined the consortium.

15. UHart is the lead institution for the Consortium, which involved taking fiscal responsibility for the program, and managing the program. UHart also selects the Consortium Director.

16. On or about March 12, 1999, the EPSCoR Preparation Grant proposal was submitted to NASA from Connecticut. Plaintiff was in a leading position in preparing the EPSCoR proposal submitted to NASA. NASA accepted the proposal and funded it.

17. Participants in the EPSCoR Preparation Grant included 41 faculty members from 10 academic colleges and universities in Connecticut (UCONN, UHart, Yale University, Connecticut College, Central Connecticut State University, Eastern Connecticut State University, Southern Connecticut State University, Trinity College, University of New Haven, and Three Rivers Community College).

18. UHart was the lead institution for the EPSCoR program, because it managed the Consortium. This involved taking fiscal responsibility for the program, and managing the program. The Project Director for the EPSCoR program, according to NASA guidelines, is the same person selected as the Consortium Director.

19. Plaintiff served as the Principal Investigator for the EPSCoR Preparation Grant at UCONN from the inception until July of 2000.

20. On April 14, 2000, by letter so dated, UCONN removed Plaintiff from his position as Campus Director for the Consortium at UCONN.

21. On or about July 24, 2000, UCONN removed Plaintiff from his position as Principal Investigator for EPSCoR program at UCONN.

22. In January of 1999, UHart appointed defendant Townsend as Consortium Director and in March or April of 1999, pursuant to NASA's guidelines, defendant Townsend became Project Director for the EPSCoR program.

23. UCONN removed Plaintiff from the position of Campus Director of the Consortium, and Principal Investigator of the EPSCoR program outside of the normal procedural sequence and without an internal investigation.

24. UCONN failed to provide Plaintiff with notice and failed to provide Plaintiff a hearing prior to removing Plaintiff as Campus Director of the Consortium, and Principal Investigator of the EPSCoR program.

25. That on December 13, 1999, UHart and defendant Townsend attack campaign against Plaintiff continued with a letter directed to the Dr. Maryanski, Interim Chancellor for UCONN, asking that Plaintiff be removed as Campus Director of the Consortium.

26. Drs. Maryanski and Smith, acting under color of law, in their individual capacities, deprived Plaintiff of his due process rights secured under the Fourteenth Amendment of the Constitution of the United States by removing plaintiff as Campus Director for UCONN without notice and an opportunity to be heard.

27. That UHart and defendant Townsend aided and abetted Drs. Maryanski and Smith in depriving Plaintiff of his due process rights secured by the Fourteenth Amendment of the United States Constitution by knowing that plaintiff did not report to UHart or defendant Townsend acted unilaterally without the consent, knowledge, or assistance of the Consortium's management team or the Consortium's Board of Advisors pushed for and pursued the removal of plaintiff.

28. But for the actions of UHart and defendant Townsend, plaintiff would not have been removed as Campus Director.

29. That UHart and defendant Townsend knew or should have known that Drs. Smith and Maryanski would remove plaintiff as Campus Director.

30. The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, and frustration.

31. If relief is not granted against UHart and defendant Townsend, Plaintiff will be harmed and damaged without legal recourse for rights secured under law.

WHEREFORE, Plaintiff demands judgment be entered against the defendants for compensatory damages, back honorarium, front honorarium, costs of this action, attorney's fees, and other relief this Court deems as just, fit, proper and equitable.

Plaintiff – Ramesh B. Malla

By: _____
Mark S. Loman      Juris # 19489
Attorney for the Plaintiff
484 Main Street, Suite 24B
Middletown, CT 06457
Voice:   (860) 347-6652
Fax:     (860) 347-0053