UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Malla, Ramesh B.

    Plaintiff,

vs.   Case No.:   3:02CV481(JBA)

University of Hartford, and
Sallie S. Townsend, Ph.D.
Robert Smith, Ph.D.
Fred Maryanski, Ph.D.

    Defendants.   May 12, 2004

## THIRD AMENDED COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    Plaintiff file this of action pursuant to 42 U.S.C. §§ 1981, 1981a, 1983, 1988(b), 2000d and 2000e et. seq. seeking relief with respect to discriminatory acts of defendants in removing Plaintiff from positions of Campus Director for the University of Connecticut (herein "UCONN") in the Connecticut Space Grant College Consortium (herein "Consortium") and Principal Investigator, at UCONN, of the Experimental Program to Stimulate Competitive Research Preparation Grant program (herein "EPSCoR"). The Consortium has research, education and outreach program, while EPSCoR is a research program. Both programs are funded with federal money through the National Aeronautics and Space Administration (herein "NASA"). Plaintiff, by this cause of action, seeks to prevent the defendants from depriving Plaintiff of a rightful benefit and harming Plaintiff's professional reputation and growth in a manner that violation the laws of the

United States of America and the due process provision of the Fourteenth Amendment to the Constitution of the United States.

## II.  JURISDICTION

2.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. for employment discrimination on the basis of race, color and national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f) and equitable and other relief is sought under the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Also, jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(3), 1343(4), and 1367(a).  Relief is also sought pursuant to 42 U.S.C. 1988(d).

## III.  PARTIES

3.  Plaintiff is a tenured Associate Professor in the Department of Civil and Environmental Engineering, School of Engineering.  Plaintiff is employed by UCONN and resides at 67 Horizon Lane, Glastonbury, CT 06033.  Plaintiff has a Ph.D. and is a brown skin, Asia – American from Nepal.

4.  Defendant, UCONN, is a State of Connecticut educational institute.  UCONN address is 352 Mansfield Road, Storrs, Connecticut 06269.  UCONN is a member of the Consortium and participates in the EPSCoR program.

5.  Defendant, University of Hartford (herein "UHart"), is a private college.  UHart address is 200 Bloomfield Avenue, West Hartford, CT 06117.  UHart

is under contract with NASA to manage and administrate NASA granted funds awarded to the Consortium and EPSCoR programs.

6.	Defendant, Sallie S. Townsend, Ph.D., is employed by UHart as the Associate Dean of Ward College of Technology. Defendant Townsend address is 200 Bloomfield Avenue, West Hartford, CT 06117. Also, Defendant Townsend is the Director for the Consortium and the

Project Director of the EPSCoR program. Defendant Townsend was selected by UHart to serve as Director for the Consortium, and by NASA guidelines the Project Director of the EPSCoR program.

7.	Defendant, Robert Smith, Ph.D., was employed by UCONN as the Vice Provost for Research and Graduate Education.

8.	Defendant, Fred Maryanski, Ph.D., employed by UCONN as the Interim Chancellor during the relevant time period of Plaintiff's complaint.

## IV. STATEMENT OF FACTS

9.	At the present time, defendant UCONN employs greater than 300 persons in all capacities at its main campus in Storrs, Connecticut.

10.	Plaintiff began his employment with UCONN in September of 1985 as a faculty member, in a non-tenure track position.

11.	In September of 1990, Plaintiff was placed in a tenure track position, after making complaints of discrimination because of his race, national origin

3

and color. Plaintiff was placed on a tenure track in the Department of Civil Engineering.

12.     In October of 1995, a statement was issued against recommending Plaintiff for tenure and promotion despite Plaintiff's teaching, research and services records being comparable or better than several other faculty members that received tenure and promotion in the School of Engineering, in the recent past, preceding 1995.

13.     In February of 1996, Plaintiff was denied tenure and promotion at the main campus of UCONN and subsequently offered tenure and promotion in a less prestigious status
with fewer opportunities for teaching and research in a branch campus away from the main campus.

14.     From September of 1990 to July of 1998, Plaintiff was the lowest paid faculty members of all similarly situated persons until Plaintiff filed a complaint of discrimination based on Plaintiff's race, national origin and color in February of 1997.

15.     In July of 1998, Plaintiff appointed to Associate Professor and Associate Head in the Department of Civil & Environmental Engineering at the main campus in Storrs.

16.     In 1990, Plaintiff was the leading person in writing a proposal to obtain funds from NASA for the establishment of the Consortium.

4

17. Since February of 1991, Plaintiff served as the Campus Director of the Consortium for UCONN and as the Principal Investigator at UCONN for the Consortium.

18. Up until 2001 the Consortium consisted of the initial members UCONN, UHart, University of New Haven, and Trinity College. Since 2001, the Connecticut Community College system joined the consortium.

19. UHart was the lead institution for the Consortium, which involved taking fiscal responsibility for the program, and managing the program. UHart selected the Consortium Director.

20. On or about March 12, 1999, the EPSCoR Preparation Grant proposal was submitted to NASA from Connecticut. Plaintiff was in a leading position in preparing the EPSCoR proposal submitted to NASA. NASA accepted the proposal and funded the research proposed in the EPSCoR proposal.

21. Participants in the EPSCoR Preparation Grant included 41 faculty members from 10 academic colleges and universities in Connecticut (UCONN, UHart, Yale University, Connecticut College, Central Connecticut State University, Eastern Connecticut State University, Southern Connecticut State University, Trinity College, University of New Haven, and Three River Community College).

22. UHart was the lead institution for the EPSCoR program, because it managed the Consortium. This involved taking fiscal responsibility for the program, and managing the program. The Project Director for the EPSCoR

5

program, according to NASA guidelines, is the same person selected as the Consortium Director.

23.  Plaintiff served as the Principal Investigator for the EPSCoR Preparation Grant at UCONN from the inception until July of 2000.

24.  On April 14, 2000, by letter so dated, UCONN removed Plaintiff from his position of Campus Director for the Consortium at UCONN.

25.  On or about April 17, 2000, UCONN appointed a white male, Daniel Civco, Ph.D., to replace Plaintiff as Campus Director for the Consortium at UCONN.

26.  On June 12, 2000, UCONN issued a letter stating that Dr. Civco would replace Plaintiff as the lead for the EPSCoR activities. This letter gave credit and recognition to Dr. Civco for work, accomplishments and achievements that was of the Plaintiff and not of Dr. Civco.

27.  On or about July 24, 2000, UCONN removed Plaintiff from his position of Principal Investigator for EPSCoR program at UCONN.

28.  In January of 1999, UHart appointed Defendant Townsend as Consortium Director and in March or April of 1999, pursuant to NASA's guidelines, Defendant Townsend became Project Director for the EPSCoR program.

29.  Plaintiff filed charges with both the Equal Employment Opportunity Commission and Connecticut Commission on Human Rights and Opportunities.

30.  EEOC issued a "Notice of Right to Sue" letter dated December 21, 2001. <u>Exhibit 1</u>.

31.  CCHRO dismissed this matter on March 8, 2001 for Lack of Jurisdiction. <u>Exhibit 2.</u>

**COUNT 1**

32.  Incorporate paragraphs 1 through 31 into this Count 1.

33.  UCONN removed Plaintiff from the position of Campus Director of the Consortium, and Principal Investigator of the EPSCoR program outside of the normal procedural sequence and without an internal investigation.

34.  UCONN failed to provide Plaintiff with notice and failed to provide Plaintiff a hearing prior to removing Plaintiff as Campus Director of the Consortium, and Principal Investigator of the EPSCoR program.

35.  UCONN acted with intent to discriminate against Plaintiff in the terms, conditions, and privileges of Plaintiff's employment because of his race, color and national origin.

36.  UCONN acted with a reckless disregard to the Plaintiff's federal rights to be free from employment discrimination because of Plaintiff's race, national origin and color.

37.  The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, frustration, and injury to Plaintiff's reputation.

38.  If relief is not granted against UCONN, Plaintiff will be irreparably denied rights secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1).

## COUNT 2

39.     Incorporate paragraphs 1 through 28 into this Count 2.

40.     Around July 15, 1998, Plaintiff raised several issues concerning the operation and management of the Consortium by the UHart.

41.     Around May of 1999, Plaintiff raised several issues concerning the operation and management of the EPSCoR program by UHart, to UHart and Defendant Townsend.

42.     UHart and Defendant Townsend did not accept or address the issues raised by Plaintiff.

43.     UHart and Defendant Townsend used the concerns expressed in May of 1999 by Plaintiff to undertake a course of conduct to remove Plaintiff from his positions as Campus Director of the Consortium, and Principal Investigator of the EPSCoR program at UCONN.

44.     UHart and Defendant Townsend undertook a plan to attack to ruin Plaintiff's professional relationships, to include attempting to ruin Plaintiff's professional reputation with NASA and Plaintiff's employer.

45.     That on December 13, 1999, UHart and Defendant Townsend attack campaign against Plaintiff continued with a letter directed to the Interim Chancellor of UCONN asking that Plaintiff be removed as Campus Director of the Consortium, and Principal Investigator of the EPSCoR program at UCONN.

46.     The reasons stated in the December 13, 1999 letter are untrue.

47. UHart and Defendant Townsend, discriminate against Plaintiff because of his race.

48. UHart and Defendant Townsend, actions impaired Plaintiff's enjoyment of a contractual employment relationship because of his race.

49. The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, frustration, and injury to Plaintiff's reputation.

50. If relief is not granted UHart and Defendant Townsend, Plaintiff will be irreparably denied rights secured under 42 U.S.C. § 1981.

## COUNT 3

51. Incorporate paragraphs 1 through 28 into this Count 3.

52. Incorporate paragraphs 33 and 34 into this Count 3.

53. Incorporate paragraphs 40 through 46 into this Count 3.

54. UCONN, UHart, and Defendant Townsend denied Plaintiff the full benefits from participating in federal funded programs because of Plaintiff's race, national origin and color.

55. If relief is not granted against UHart and Defendant Townsend, Plaintiff will be irreparably denied rights secured under 42 U.S.C. § 2000d.

## COUNT 4

56. Incorporate paragraphs 1 through 28 into this Count 4.

57. Incorporate paragraphs 33 and 34 into this Count 4.

58. Defendants Maryanski and Smith, acting under color of law, in their individual capacities, deprived Plaintiff of his due process rights secured under the Fourteenth Amendment of the Constitution of the United States.

59. The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, frustration, and injury to Plaintiff's reputation.

60. If relief is not granted against Defendants Maryanski and Smith, Plaintiff will be irreparable denied rights secured under 42 U.S.C. § 1983.

## COUNT 5

61. Incorporate paragraphs 1 – 8, 10, 13, 15 – 24, 27, 28, 33, 34, 45 & 58 into this Count 5.

62. That UHart and Defendant Townsend aided and abetted Maryanski and Smith in depriving Plaintiff of his due process rights secured by the Fourteenth Amendment of the United States Constitution.

63. The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, frustration, and injury to Plaintiff's reputation.

64. If relief is not granted against UHart and Defendant Townsend, Plaintiff will be irreparable denied rights secured under harm and damaged without legal recourse.

By:_____
Mark S. Loman    Juris # 19489
Attorney for the Plaintiff
484 Main Street, Suite 24B
Middletown, CT 06457
Voice:   (860) 347- 6652
Fax:     (860) 347-0053