UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Malla, Ramesh B.

    Plaintiff,

    vs.                                        Case No.:    3:02CV481(JGM)

University of Hartford, and
Sallie S. Townsend, Ph.D.

    Defendants.                        October 12, 2004

## MOTION FOR EXTENSION OF TIME *NUNC PRO TUNC*

Pursuant to rule 7(b) of the Local Rules of Civil Procedure, the Plaintiff requests a (4) four day extension of time, *nunc pro tunc*, from October 8, 2004 to October 12, 2004 within which to file a Fifth Amended Complaint . In support of this Motion the undersigned counsel represents the following:

1.    On September 8, 2004 the Honorable Judge Joan G. Margolis ordered that the Plaintiff file his Fifth Amended Complaint on or before October 8, 2004.

2.    The undersigned counsel did not expect to be required to generate the actual amended pleading as there are two other counsel of record on behalf of the Plaintiff, Ramesh Malla. A miscommunication occurred between the undersigned counsel and the other two co-counsel.

3.    The undersigned counsel has prepared the Fifth Amended Complaint simultaneously with this motion for extension of time. As the Amended Complaint was due to be filed on Friday, October 8, 2004 and as Monday October 11, 2004 was a legal holiday the undersigned counsel has not ascertained whether opposing counsel will object to the 4 day extension of time.

WHEREFORE, the plaintiff respectfully requests that the court issue an order, *nunc pro tunc*, extending the plaintiff's time to file a Fifth Amended Complaint until and including October 12, 2004.

        The Plaintiff
        Ramesh Malla
        By

        _____
        Eroll V. Skyers (12856)
        Barrister Law Group, LLC
        211 State Street
        Bridgeport, CT 06604
        203-334-4800

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion for Extension of Time *Nunc Pro Tunc* was mailed on this the 12th , day of October 2004 to the following counsel of record:

**Thomas Paul Chapman**
Law Offices of Scott B. Clendaniel
300 Windsor St.
PO Box 2138
Hartford, CT 06145-2138

**Mark P. Kindall**
Attorney General's Office
55 Elm St.
Hartford, CT 06106

**Mark S. Loman**
484 Main St.
Suite 24B
Middletown, CT 06457

**Paul S. McCarthy**
Attorney General's Office
University of Connecticut
605 Gilbert Rd., U-177
Storrs, CT 06269-1177

**Margaret R. Jordan Addo**
211 State Street, 2nd FL.
Bridgeport, CT 06604

                                                                                                                             _____

                                                                                                                             Eroll V. Skyers

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Malla, Ramesh B.**

    **Plaintiff,**

    vs.                                       Case No.:    3:02CV481(JGM)

**University of Hartford, and
Sallie S. Townsend, Ph.D.**

    **Defendants.**                     October 12, 2004

## FIFTH AMENDED COMPLAINT

1. Plaintiff filed this of action pursuant to 42 U.S.C. §§ 1981, 1981a, 1983, 1988(b), 2000d and 2000e et. seq. seeking relief with respect to discriminatory acts of defendants in removing Plaintiff from positions of Campus Director for the University of Connecticut (herein "UCONN") in the Connecticut Space Grant College Consortium (herein "Consortium") and Principal Investigator, at UCONN, of the Experimental Program to Stimulate Competitive Research Preparation Grant program (herein "EPSCoR"). The Consortium is a research, education and outreach program, while EPSCoR is a research program. Both programs are funded with federal money through the National Aeronautics and Space Administration (herein "NASA"). Plaintiff, by this cause of action, seeks to prevent the defendants from depriving Plaintiff of a rightful benefit and harming Plaintiff's professional reputation and growth in a manner that violates the laws of the United States of America and the due process provision of the Fourteenth Amendment to the Constitution of the United States.

2.       This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. for employment discrimination on the basis of race, color and national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f) and equitable and other relief is sought under the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Also, jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343(3), 1343(4), and 1367(a).  Relief is also sought pursuant to 42 U.S.C. 1988(d).

3.       Plaintiff is a tenured Associate Professor in the Department of Civil and Environmental Engineering, School of Engineering.  Plaintiff is employed by UCONN and resides at 67 Horizon Lane, Glastonbury, CT 06033.  Plaintiff has a Ph.D. and is a brown skinned, Asian – American from Nepal.

4.       UCONN, is a State of Connecticut educational institute.  UCONN's address is 352 Mansfield Road, Storrs, Connecticut 06269.  UCONN is a member of the Consortium and participates in the EPSCoR program.

5.       Defendant, University of Hartford (herein "UHart"), is a private college. UHart's address is 200 Bloomfield Avenue, West Hartford, CT 06117.  UHart is under contract with NASA to manage and administrate NASA granted funds awarded to the Consortium and EPSCoR programs.

6.       Defendant, Sallie S. Townsend, Ph.D., is employed by UHart as the Associate Dean of Ward College of Technology.  Defendant Townsend's address is 200 Bloomfield Avenue, West Hartford, CT 06117.  Also, defendant Townsend is the Director for the Consortium and the Project Director of the EPSCoR program.  Defendant

Townsend was selected by UHart to serve as Director for the Consortium, and by NASA guidelines the Project Director of the EPSCoR program.

7. Robert Smith, Ph.D., was employed by UCONN as the Vice-Provost for Research and Graduate Education.

8. Fred Maryanski, Ph.D., is employed by UCONN as the Interim Chancellor during the relevant time period of Plaintiff's complaint.

9. Plaintiff began his employment with UCONN in September of 1985 as a faculty member, in a non-tenured track position.

10. In February of 1996, Plaintiff was denied tenure and promotion at the main campus of UCONN and was subsequently offered tenure and promotion in a less prestigious status with fewer opportunities for teaching and research in a branch campus away from the main campus.

11. In July of 1998, Plaintiff was appointed to Associate Professor and Associate Head in the Department of Civil & Environmental Engineering at the main campus in Storrs.

12. In 1990, Plaintiff was the leading person who wrote the proposal to obtain funds from NASA for the establishment of the Consortium. NASA funded the Consortium in 1991.

13. Since February of 1991, Plaintiff served as the Campus Director of the Consortium for UCONN and as the Principal Investigator at UCONN for the EPSCoR.

14. Up until 2001 the Consortium consisted of the initial members UCONN, UHart, University of New Haven, and Trinity College. Since 2001, the Connecticut Community College system joined the consortium.

15. UHart is the lead institution for the Consortium, which involved taking fiscal responsibility for the program, and managing the program. UHart also selects the Consortium Director.

16. On or about March 12, 1999, the EPSCoR Preparation Grant proposal was submitted to NASA from Connecticut. Plaintiff was in a leading position in preparing the EPSCoR proposal submitted to NASA. NASA accepted the proposal and funded it.

17. Participants in the EPSCoR Preparation Grant included 41 faculty members from 10 academic colleges and universities in Connecticut (UCONN, UHart, Yale University, Connecticut College, Central Connecticut State University, Eastern Connecticut State University, Southern Connecticut State University, Trinity College, University of New Haven, and Three Rivers Community College).

18. UHart was the lead institution for the EPSCoR program, because it managed the Consortium. This involved taking fiscal responsibility for the program, and managing the program. The Project Director for the EPSCoR program, according to NASA guidelines, is the same person selected as the Consortium Director.

19. Plaintiff served as the Principal Investigator for the EPSCoR Preparation Grant at UCONN from the inception until July of 2000.

20. On April 14, 2000, by letter so dated, UCONN removed Plaintiff from his position as Campus Director for the Consortium at UCONN.

21. On or about July 24, 2000, UCONN removed Plaintiff from his position as Principal Investigator for EPSCoR program at UCONN.

22. In January of 1999, UHart appointed defendant Townsend as Consortium Director and in March or April of 1999, pursuant to NASA's guidelines, defendant Townsend became Project Director for the EPSCoR program.

23. UCONN removed Plaintiff from the position of Campus Director of the Consortium, and Principal Investigator of the EPSCoR program outside of the normal procedural sequence and without an internal investigation.

24. UCONN failed to provide Plaintiff with notice and failed to provide Plaintiff a hearing prior to removing Plaintiff as Campus Director of the Consortium, and Principal Investigator of the EPSCoR program.

25. That on December 13, 1999, UHart and defendant Townsend's attack campaign against Plaintiff continued with a letter directed to the Dr. Maryanski, Interim Chancellor for UCONN, asking that Plaintiff be removed as Campus Director of the Consortium.

26. Drs. Maryanski and Smith, acting under color of law, in their individual capacities, deprived Plaintiff of his due process rights secured under the Fourteenth Amendment of the Constitution of the United States by removing plaintiff as Campus Director for UCONN without notice and an opportunity to be heard.

27. That UHart and defendant Townsend aided and abetted Drs. Maryanski and Smith in depriving Plaintiff of his due process rights secured by the Fourteenth Amendment of the United States Constitution, since by knowing that plaintiff did not report to UHart or defendant Townsend, Drs. Maryanski and Smith acted unilaterally without the consent, knowledge, or assistance of the Consortium's management team or the Consortium's Board of Advisors pushed for and pursued the removal of plaintiff.

28. But for the actions of UHart and defendant Townsend, plaintiff would not have been removed as Campus Director.

29. That UHart and defendant Townsend knew or should have known that Drs. Smith and Maryanski would remove plaintiff as Campus Director.

30. The Plaintiff has suffered, as a result of the defendant's acts, anxiety, stress, humiliation, and frustration.

31. If relief is not granted against UHart and defendant Townsend, Plaintiff will be harmed and damaged without legal recourse for rights secured under law.

**STATE CLAIMS – Defamation and Intentional Infliction of Emotional Distress**

This is an action for Defamation and Intentional Infliction of Emotional Distress. Jurisdiction of this court is invoked pursuant to the courts supplementary jurisdiction of state court actions. These causes of action arise out of the same essential facts as the federal action.

**COUNT ONE** (Defamation by libel as to both Defendants)

1. Since September, 1985 Rarnesh Malla, Ph.D has been a member of the faculty at the University of Connecticut (UCONN) and served in the position as Principal Investigator as well as Project Director of the Connecticut Space Grant College Consortium, for the University for nine (9) years: 1991 through 2000.

2. The Connecticut Space Grant Consortium was established in 1991 and Dr. Malla was one of its founding members and the Consortium's Director for the University of Connecticut.

3. Between 1991 and 1992, under the leadership of Dr. Malla, the administrative procedures, to manage the consortium's fellowship and grants were established.

4. In 1999, Dr. Malla also brought together 41 faculty members from 10 higher educational institutions to coordinate and prepare for the Connecticut's NASA Experimental Program to Stimulate Competitive Research.(EPSCORP.).

5. Dr. Sallie Towsend is Director of Connecticut Space Grant College Consortium and EPSCOR Preparation Grant and Associate Dean of Ward College of Technology at the University of Hartford.

6. In a letter dated December 13, 1999, Dr. Towsend made accusations against Dr. Malla knowing that they were false or had a reckless disregard of whether they were false.

7. The aforementioned letter had been read by several individuals, including the Plaintiffs supervisors.

8. As a result of the letter the Plaintiff was removed from his position within the Consortium.

9. The Plaintiff has suffered, hurt, humiliation and shame in addition to damage to his professional reputation as an Associate Professor and Principal

Investigator and has been forced to incurred legal expenses and costs in order to attempt to clear his name.

**COUNT TWO** (Negligent Infliction of Emotional Distress as to both defendants)

    1.    Paragraphs 1 through 9 of the First Count are hereby made Paragraph 1 through 9 of this Second Count as if fully rewritten.

    2.    As a result of the accusation made by the Defendants the Plaintiff has been compelled to republish the defamatory statement to colleagues who ask why he was abruptly removed from his position.

    3.    The defendants' conduct was extreme and outrageous, beyond all possible bounds of decency, utterly intolerable in a civilized society.

    4.    The defendant's actions were the cause of the Plaintiff's distress.

    5.    The defendants knew or should have known that their actions involved an unreasonable risk of causing emotional distress.

    6.    The Defendants' cumulative actions have left Dr. Malla emotionally distraught having been defamed by repeated attacks on his professional reputation.

    7.    The Defendants by their conduct are jointly and severally liable for unintentional inflectional of emotional distress.

WHEREFORE, THE PLAINTIFF CLAIMS:

1. Damages.

2. Special Damages for pain and suffering.

3. Costs of this action.

4. Attorney's fees.

                                        The Plaintiff
                                        Ramesh Malla
                                        By

_____
Eroll V. Skyers (12856)
Barrister Law Group, LLC
211 State Street
Bridgeport, CT 06604
203-334-4800

# **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion for Extension of Time Fifth Amended Complaint was mailed on this the 12th, day of October 2004 to the following counsel of record:

**Thomas Paul Chapman**
Law Offices of Scott B. Clendaniel
300 Windsor St.
PO Box 2138
Hartford, CT 06145-2138

**Mark P. Kindall**
Attorney General's Office
55 Elm St.
Hartford, CT 06106

**Mark S. Loman**
484 Main St.
Suite 24B
Middletown, CT 06457

**Paul S. McCarthy**
Attorney General's Office
University of Connecticut
605 Gilbert Rd., U-177
Storrs, CT 06269-1177

**Margaret R. Jordan Addo**
211 State Street, 2nd FL.
Bridgeport, CT 06604

_____
Eroll V. Skyers